# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00336-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>2015 DODGE PROMASTER VAN,<br>$3,708.00 IN CURRENCY,<br>2015 HONDA ODYSSEY MINIVAN,<br><br>Defendants. | ORDER |

**THIS MATTER** comes before the Court upon the Government's Motion to Dismiss Any Asserted Claim of Nancy Maldonado and for Entry of Default Judgment (ECF Doc. 7), which was filed on March 31, 2021. A Roseboro Order (ECF Doc. 9) was entered on May 25, 2021. Ms. Maldonado did not file a response to the motion, and the time to do so has now expired. Therefore, this motion is ripe for consideration. For the reasons indicated herein, the Court finds that the motion should be granted.

## I.  BACKGROUND

The Government seeks forfeiture of $3,708 in cash seized from Jose Velazquez and two vehicles that Velazquez either (a) used as a means to transport narcotics and engage in drug trafficking ("Dodge Van") or (b) paid for with drug proceeds and used as a means to launder and conceal his drug proceeds ("Honda Van"). In a separate criminal case, Velazquez pleaded guilty to (1) conspiracy to traffic cocaine, heroin, and methamphetamine; (2) money laundering conspiracy; and (3) possession with intent to distribute heroin.

Claimant Nancy Maldonado was directly notified of the forfeiture complaint, and she filed a document requesting an extension of time, referencing the Honda Van. ECF Doc. 5. The Court denied her motion for lack of specificity, and she was instructed to specify the deadline for which she sought an extension. Ms. Maldonado never made any other filing in this action. Upon the Government's motion for entry of default, the Clerk of Court entered default as to Defendant currency and vehicles, except as to any as to any interest in the Honda Van asserted by Nancy Alverez Maldonado. The Government then filed the present motion, and Ms. Maldonado failed to respond. Any additional facts are set forth in the discussion below.

## II. DISCUSSION

To establish standing to contest a forfeiture action, a claim must comply with Rule G(5) and G(6) of the Supplemental Rules to the Federal Rules of Civil Procedure. *See United States v. Approximately $60,110.00 in U.S. Currency*, No. 3:19-cv-00635-GCM, 2020 WL 2199625, at *2 (W.D.N.C. May 6, 2020). Courts may strike a claim for failing to comply with Rule G(5) or Rule G(6) or because the claimant lacks standing. Fed. R. Civ. P., Supp. R. G(8)(c)(i); *Approximately $60,110.00 in U.S. Currency*, 2020 WL 2199625, at *1. The Government requests that the Court grant its motion to dismiss or, alternatively, strike any asserted claim Ms. Maldonado may have over the Honda Van because she failed to comply with Rule G(5).

Rule G(5) sets forth the requirements for filing a claim. Fed. R. Civ. P., Supp. R. G(5)(a)(i)(A)–(D). One requirement relevant to this motion is that a claim must "state the claimant's interest in the property." *Id.* at G(5)(a)(i)(B). Another relevant requirement is that a claim must "be signed by the claimant under penalty of perjury." *Id.* at G(5)(a)(i)(C). Courts strictly enforce these requirements, recognizing their important policy purposes and noting that such requirements are "not just a procedural technicality." *See, e.g.*, *United States v. Real Property*

*Located at 2740 Lytham Dr., N.C.*, No. 3:20-cv-110-MOC-DSC, 2020 WL 2114379, at *2 (W.D.N.C. May 4, 2020) (quoting *United States v. $29,540.00 in U.S. Currency*, No. CIV.A. 11-12172-GAO, 2013 WL 783052, *6 (D. Mass. Feb. 28, 2013)) (discussing the importance of the requirement that a claimant sign the claim under penalty of perjury). A claim that does not comply with the Rule G(5) requirements fails to establish statutory standing. *Real Property Located at 2740 Lytham Dr., N.C.*, 2020 WL 2114379, at *2.

Here, Ms. Maldonado never filed any document other than her request for an extension of time. She did not state her interest in the relevant property within that motion. Further, it is indisputable that she did not comply with the requirement to sign any alleged "claim" she may have made under penalty of perjury. Therefore, Ms. Maldonado has not filed a verified claim, and she has not established statutory standing.

Even if Ms. Maldonado's motion for extension of time could somehow be construed as a verified claim, she did not timely file an answer to the complaint or even a response to the present motion. "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Fed. R. Civ. P., Supp. R. G(5)(b). Ms. Maldonado never filed any document after the motion for extension of time, so even if her motion could somehow be construed as a verified claim, she still violated the procedural requirements set forth in Rule G(5). Moreover, Ms. Maldonado was given ample opportunity to respond to the present motion and a Roseboro Order was entered to that effect. No response was filed. Therefore, the Court concludes that any asserted claim Ms. Maldonado may have made should be stricken, she has no legally cognizable interest in this forfeiture action, and the Government's request to dismiss or strike any asserted claim by Ms. Maldonado should be granted.

Because the Court will strike any asserted claim that may have been made by Ms. Maldonado, the Government asserts that it is entitled to default judgment pursuant to Rule 55(b). The Clerk of Court has entered default as to Defendant currency and vehicles except as to any interest asserted by Nancy Alverez Maldonado. ECF Doc. 8. Since Nancy Maldonado has no legally cognizable interest in the outcome of the forfeiture action, and default has already been entered against all other persons in the world, default judgment is appropriate at this time. *See United States v. $140,000.00 in U.S. Currency*, No. 09–3516, 2010 WL 1704966, at *4 (D.N.J. Apr. 26, 2010); *see also United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665–66 (3d Cir. 2007) (affirming a district court's grant of default judgment in a case where the would-be-claimant did not file a verified claim); *United States v. All Assets Held in Account Number XXXXXXX*, 471 F. Supp. 3d 192, 198–99 (D.D.C. 2020) (noting that, when a claim is stricken, the claimant has no interest in the outcome that is legally cognizable). Therefore, the Court will grant the Government's motion for entry of default judgment.

### III. ORDER

For the reasons indicated herein, **IT IS THEREFORE ORDERED**:

1. The Government's Motion to Dismiss Any Asserted Claim of Nancy Maldonado and for Entry of Default Judgment (ECF Doc. 7) is **GRANTED**;

2. Any claim of Nancy Maldonado that may have been asserted in this action is **STRICKEN**;

3. Default judgment is **GRANTED** as to:

   a. **One 2015 Dodge Ram Promaster Van, bearing NC license plate FEH-2001, VIN #3C6TRVDG2FE513412;**

   b. **Approximately $3,708.00 in Currency Seized from Jose Velazquez on or about January 24, 2020; and**

  c. **One 2015 Honda Odyssey Minivan bearing NC license plate DBK-6977, VIN #5FNRL5H61FB018621.**

4. The clerk is respectfully directed to close this case and mail a copy of this Order to counsel of-record.

**SO ORDERED**.

Signed: July 12, 2021

*[Signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge